**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
1 Valuation of Security         1 Assumption of Executory Contract or Unexpired Lease         0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    John C. Lemon

Case No..:    17-29913
Judge:    JNP

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                          ☑ Modified/Notice Required          Date:    7-16-2019
☑ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **TGE**    Initial Debtor: **JCL**    Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay **$252.00** Monthly to the Chapter 13 Trustee, starting on **August 1, 2019** for approximately **39** remaining months for a total of **60** months. (**$3,400.00 paid to date**)

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection     **X NONE**

a. Adequate protection payments will be made in the amount of $ **93.20** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation and *post confirmation* to **Toyota Financial Services**. (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **McDowell Law PC** | **Supplemental Attorney Fees** | **$1,200.00** |
| McDowell Posternock Apell & Detrick PC | Attorney Fees | $3,250.00 |
|  |  |  |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| Toyota Financial Services | 2012 Toyota Avalon | $6,584.86 | $10,667.00 | 0 | $6,584.86 | 5% | $7,456.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $____ to be distributed *pro rata*

☐    Not less than ___ percent

☑    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Sandra T. Hill | 0 | Residential Lease | Assume | $900.00 |

## Part 7: Motions    X NONE

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

  a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
  The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

  b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

  c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

  The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Toyota Financial Services | 2012 Toyota Avalon | $6,584.86 | $10,667.00 | $6,584.86 | unknown |

### Part 8:  Other Plan Provisions

  a. **Vesting of Property of the Estate**
  ☑  Upon Confirmation
  ☐  Upon Discharge

  b. **Payment Notices**
  Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

  c. **Order of Distribution**

  The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) **Other Administrative Claims**
   3) **Secured Claims**
   4) **Lease Arrearages**

5

5) **Priority Claims**
6) **General Unsecured Claims**

   d. **Post-Petition Claims**

   The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **7-16-2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To capitalize arrears and to make sure adequate protection payments are being paid to Toyota Financial Services post confirmation.** | **To capitalize arrears and to make sure adequate protection payments are being paid to Toyota Financial Services post confirmation.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
☑ Explain here: **Adequate protection payments are to be made post-confirmation until the claim is paid in full to Toyota Financial Services**.
Any non-standard provisions placed elsewhere in this plan are ineffective.

I certify under penalty of perjury that the above is true.

Date: **July 16, 2019**          /s/ **John C. Lemon**
                                 **John C. Lemon**
                                 Debtor

Date: _____        _____
                                 Joint Debtor

Date **July 16, 2019**            /s/ **Thomas G. Egner, Esq.**
                                 **Thomas G. Egner, Esq.**
                                 Attorney for the Debtor(s)

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **July 16, 2019**          /s/ **John C. Lemon**
                                 **John C. Lemon**

6

Date: _____     Debtor

_____
Joint Debtor

Date  **July 16, 2019**     **/s/ Thomas G. Egner, Esq.**
_____
**Thomas G. Egner, Esq.**
Attorney for the Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 17-29913-JNP
John C. Lemon                                                       Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin                  Page 1 of 2                  Date Rcvd: Jul 18, 2019
                              Form ID: pdf901              Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 20, 2019.
```
db             +John C. Lemon,    124 Heritage Loop,    Glassboro, NJ 08028-3280
517180922      +American Homepatient,    PO Box 531673,    Atlanta, GA 30353-1673
517098810      +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
517571963       Educational Credit Management Corporation,    P.O. Box 16408,    St. Paul, MN 55116-0408
517571964       Educational Credit Management Corporation,    P.O. Box 16408,    St. Paul, MN 55116-0408,
                 Educational Credit Management Corporatio,    P.O. Box 16408,    St. Paul, MN 55116-0408
517098812      +Equifax Information Services,    PO Box 740241,    Atlanta, GA 30374-0241
517098814      +Experian,   PO Box 4500,    Allen, TX 75013-1311
517148469       Navient Solutions, LLC on behalf of,    Educational Credit Management,    Corporation,
                 PO BOX 16408,    St. Paul, MN 55116-0408
518332641      +Nicholas V. Rogers, Esq.,    Phelan Hallinan Diamond & Jones, PC,
                 1617 JFK Boulevard, Suite 1400,    Philadelphia, PA 19103-1814
517098819      +P H E A A/HCB,    Attn: Bankruptcy,    1200 N 7th St  3rd Floor,    Harrisburg, PA 17102-1444
517132792      +PHEAA,    PO Box 8147,    Harrisburg PA 17105-8147
517098820      +PNC Bank Credit Card,    Po Box 5570,    Mailstop BR- YB58-01-5,    Cleveland, OH 44101-0570
517297890      +PNC Bank, National Association,    PO Box 94982,    Cleveland, Oh 44101-4982
517180923      +R.A. Pain Services, P.A.,    Po Box 4605,    Lancaster, PA 17604-4605
518332617      +Rebecca A. Solarz, Esquire,    KML Law Group, P.C.,    216 Haddon Avenue, Ste. 406,
                 Westmont, NJ 08108-2812
517180924       Reconstructive Orthopedics, PA,    4A Eves Dr.,    Suite 100,    Marlton, NJ 08053
517098821      +Sandra T. Hall,    2316 Oakford St.,    Philadelphia, PA 19146
517098822      +State of New Jersey Division of Taxation,    Bankruptcy Section,    PO Box 245,
                 Trenton, NJ 08695-0245
517098824     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Motor Credit Corp.,     Po Box 8026,    Cedar Rapids, IA 52408)
517212847      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517185633      +Toyota Rewards Visa Card,    Jefferson Capital Systems LLC,    PO Box 7999,
                 St Cloud MN 56302-7999
517098825      +TransUnion,    PO Box 2000,    Chester, PA 19016-2000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 18 2019 22:49:09      U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 18 2019 22:49:07      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517098811      +E-mail/Text: mrdiscen@discover.com Jul 18 2019 22:48:13      Discover Bank,   PO Box 3025,
                 New Albany, OH 43054-3025
517098813      +E-mail/Text: bknotice@ercbpo.com Jul 18 2019 22:49:12      ERC/Enhanced Recovery Corp,
                 Attn: Bankruptcy,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
517571963       E-mail/Text: ECMCBKNotices@ecmc.org Jul 18 2019 22:48:58
                 Educational Credit Management Corporation,    P.O. Box 16408,    St. Paul, MN 55116-0408
517571964       E-mail/Text: ECMCBKNotices@ecmc.org Jul 18 2019 22:48:58
                 Educational Credit Management Corporation,    P.O. Box 16408,    St. Paul, MN 55116-0408,
                 Educational Credit Management Corporatio,    P.O. Box 16408,    St. Paul, MN 55116-0408
517098815      +E-mail/Text: cio.bncmail@irs.gov Jul 18 2019 22:48:31      Internal Revenue Service,
                 Centralized Insolvency Operation,    PO Box 7346,    Philadelphia, PA 19101-7346
517298688       E-mail/PDF: resurgentbknotifications@resurgent.com Jul 18 2019 22:56:48
                 LVNV Funding LLC, C/O Resurgent Capital Services,    P.O. Box 10675,
                 Greenville, SC 29603-0675
517098816      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 18 2019 22:57:21      LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517098817      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 18 2019 22:56:20
                 LVNV Funding/Resurgent Capital,    Po Box 10497,    Greenville, SC 29603-0497
517098818      +E-mail/PDF: pa_dc_claims@navient.com Jul 18 2019 22:56:14      Navient,   Attn: Bankruptcy,
                 Po Box 9500,    Wilkes-Barr, PA 18773-9500
517200151       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 18 2019 22:56:43
                 Portfolio Recovery Associates, LLC,    c/o Aadvantage Aviator,    POB 41067,   Norfolk VA 23541
517102747      +E-mail/PDF: gecsedi@recoverycorp.com Jul 18 2019 22:56:32      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517098823      +E-mail/PDF: gecsedi@recoverycorp.com Jul 18 2019 22:56:59      Synchrony Bank/ JC Penneys,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
                                                                                              TOTAL: 14

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-1          User: admin                Page 2 of 2                  Date Rcvd: Jul 18, 2019
                              Form ID: pdf901            Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 20, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 16, 2019 at the address(es) listed below:
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor   Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Thomas G. Egner    on behalf of Debtor John C. Lemon tegner@mcdowelllegal.com,
               kgresh@mcdowelllegal.com;djamison@mcdowelllegal.com;lwood@mcdowelllegal.com;cgetz@mcdowelllegal.c
               om;mfunk@mcdowelllegal.com;egnertr62202@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```